**APPLICATION GRANTED**
**SO ORDERED**
**VERNON S. BRODERICK**
**U.S.D.J.** 2/27/2023

Defendant shall respond to Plaintiff's complaint by April 25, 2023.



| | T<small>HE</small> C<small>ITY OF</small> N<small>EW</small> Y<small>ORK</small> | |
|---|---|---|
| **H<small>ON</small>. S<small>YLVIA</small> O. H<small>INDS</small>-R<small>ADIX</small>**<br>*Corporation Counsel* | **L<small>AW</small> D<small>EPARTMENT</small>**<br>100 C<small>HURCH</small> S<small>TREET</small><br>N<small>EW</small> Y<small>ORK</small>, NY 10007 | **T<small>HOMAS</small> L<small>AI</small>**<br>*Senior Counsel*<br>E-mail:tlai@law.nyc.gov<br>Phone: (212) 356-2336<br>Fax: (212) 356-3509 |

February 24, 2023

**VIA ECF**
Honorable Vernon S. Broderick
District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: *John Zippo v. City of New York et al.*, 23-CV-00865 (VSB)

Your Honor:

  I am a Senior Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and attorney for defendant City of New York ("City") in the above referenced matter. In that capacity, defendant City writes to respectfully request a sixty (60) day enlargement of time, from February 24, 2023 until April 25, 2023, to answer or otherwise respond to the complaint. This is the City's first request for an enlargement of time to respond to the complaint and plaintiff's counsel, Rob Rickner, consents to this request.

  By way of background, plaintiff brings this action, pursuant to 42 U.S.C. § 1983, alleging *inter alia* deliberate indifference to prisoner safety and/or medical needs, negligence, and intentional infliction of emotional distress. More specifically, plaintiff alleges that in January 2022 and December 2022, while he was in New York City Department of Correction ("DOC") custody, he was threatened and assaulted by other inmates due to defendants' purported actions, or lack thereof, and that the defendants purportedly failed to provide him with adequate protection. As a result, plaintiff claims that he sustained serious physical injuries, including broken bones in his face, a broken hand, brain injury, and bruises all over his body. In addition to the City, plaintiff also identifies DOC officers Captain Smart, Captain Davis, Captain Jeffries, Captain Matheus, CO Washington, CO Valdez, CO Lee, CO Tittle, CO Vasquez, and a number of John Does as defendants. On February 3, 2023, the City was served with the summons and complaint, however, upon information and belief, and upon a review of the docket sheet in this matter, to date, none of the individual defendants have been served.

There are several reasons for seeking an extension of time to respond to the complaint. First, in accordance with this Office's obligations under Rule 11 of the Federal Rules of Civil Procedure, this Office needs time to investigate the allegations set forth in the complaint. As such, the requested enlargement of time will allow this Office time to procure and review adequate documents and information, such as the underlying DOC records. In light of plaintiff's allegations, such as how plaintiff allegedly sustained injuries and the treatment he may have received as a result, the City also requires time to obtain the appropriate releases from plaintiff's counsel to thereafter obtain the relevant medical records from the medical providers. As stated in the complaint, it appears plaintiff sought treatment by several different medical providers for his purported injuries. At this time, we have received some medical records from counsel and have provided counsel with the appropriate releases for the plaintiff's execution.

Furthermore, the requested extension of time will provide this Office time to attempt to resolve representation with the individual defendants, pursuant to Section 50-k of the New York General Municipal Law, should service be executed upon the individual officers in the coming days/weeks. Once the officers are served, however, the City must determine whether it will represent the individual defendants, and if so, the officers must then decide whether they wish to be represented by this Office. Only after this process has been followed can this Office determine how to proceed in this case. (*See* General Municipal Law § 50(k); *see also Mercurio v. The City of New York, et al.*, 758 F.2d 862, 864-65 (2d Cir. 1985); *see also Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (noting that the decision to bestow legal representation upon individual defendants is made by the Corporation Counsel as set forth in state law)). Moreover, at this time, it has come to my attention that plaintiff's counsel needs assistance with respect to attempting to identify the full names of the individuals named in the complaint and therefore, counsel for both parties are working together to attempt to adequately identify these individuals.

For the reasons set forth above, defendant City respectfully requests a sixty (60) day enlargement of time until April 25, 2023 to answer or otherwise respond to the complaint.

Thank you for your consideration of the instant application.

Respectfully submitted,

*Thomas Lai s/*
Thomas Lai
Senior Counsel
Special Federal Litigation Division

To:   **VIA ECF**
      Stephanie Panousieris
      *Attorney for Plaintiff*