# Rickner PLLC

Stephanie Panousieris | stephanie@ricknerpllc.com

January 8, 2024

**Via ECF**
Hon. Vernon S. Broderick
United States District Court
Southern District of New York

      Re:    *Zippo v. City of New York et al.*, 23 cv 00865

Your Honor:

      We represent Plaintiff in the above-referenced matter and write to respectfully request a conference with the Court to address the City's non-compliance with discovery in this matter, including its incomplete responses to Plaintiff's September 26, 2023 demands. As of the date of this letter, the City's productions and responses remain woefully deficient. Despite several good faith extensions of time, the City has repeatedly failed to follow-through on these deadlines.

      Plaintiff therefore requests a conference to address these deficiencies, and further requests that the Court order the City to (1) reproduce its discovery responses, within 30 days, in a manner that conforms to the 2015 Amendments to the FRCP; (2) produce all remaining documents responsive to the September 26 demands, to the extent not properly objected to or logged in a privilege log, within 30 days; and (3) extend the time to complete discovery accordingly.

## FACTUAL ALLEGATIONS

      In January 2022, while detained on Rikers Island, Plaintiff was the victim of repeated acts of violence by a group of incarcerated individuals after warning DOC staff of threats he was receiving and repeatedly asking for protection. Plaintiff was put in the same area as his attackers several times *after* he was first assaulted, leading to additional attacks, causing serious injury, including a traumatic brain injury. These assaults occurred during a period of highly unsanitary and abhorrent conditions on the Island, which Mr. Zippo was also forced to endure in the midst of the threats and his serious physical injuries.

      In December 2022, after appearing at a parole revocation hearing during which Plaintiff was released on his own recognizance, New York State parole officers intentionally placed Plaintiff back on a bus to Rikers, where was unlawfully detained in violation of the Court's order. Upon his arrival, Plaintiff was placed in the same dorm where he was attacked in January. Despite repeated notice to DOC staff that he was in danger, Plaintiff was left exposed, and was violently assaulted again, and was not given any medical care by the DOC. Upon his release, Plaintiff went directly to a hospital and learned that he had a broken hand and another brain injury.

Rickner PLLC

## PROCEDURAL HISTORY

I. **The City is Served with Comprehensive Demands to Preserve Evidence in 2022, and Holds Two 50-h Hearings with Plaintiff in Response to His Notices of Claim**

On February 2, 2022, Plaintiff served a comprehensive Demand to Preserve Evidence related to the January 2022 Incidents on (1) now-retired Commissioner of the Department of Correction ("DOC") Louis A. Molina; (2) Deputy Commissioner and DOC counsel Asim Rehman; (3) the New York City Office of Corporation Counsel; (4) the New York City Board of Correction; (5) the Records Department of the Eric M. Taylor Center on Rikers Island; and (6) the Records Department of the Anna M. Kross Center on Rikers Island. *See* Ex. A.

On December 27, 2022, Plaintiff served a similar Demand to Preserve Evidence related to the December 2022 Incidents on (1) Louis A. Molina; (2) Asim Rehman; (3) the Office of Corporation Counsel; (4) the Board of Correction; (5) the New York State Office of Special Investigations; and (6) the New York State Attorney General. *See* Ex. B.

Plaintiff timely filed two notices of claim on the City for the January and December 2022 Incidents on March 11, 2022 and December 28, 2022, respectively. The City then conducted two examinations of Plaintiff pursuant to Gen. Mun. Law § 50-h. The first hearing, relating to the January Incidents, was held on August 24, 2022. The second hearing, relating to the December Incidents, was held on April 12, 2023. These hearings allow the City to gather information on the allegations so it may investigate the claims close in time to their occurrence, prior to litigation.

II. **The City Is Granted Multiple Extensions of Time to Answer to Further "Investigate" Plaintiff's Claims, and Still Fails to Timely Answer the Complaint**

Plaintiff filed this damages actions pursuant to 42 U.S.C. § 1983, and related state law negligence claims, on February 1, 2023. On February 24, 2023, the City requested and was granted a sixty (60) day extension of time to answer or otherwise respond to the Complaint. (Dkt. 7–8). The parties conferred early on in the case regarding the unidentified individual defendants, and, on March 28, 2023, the City provided the names of four persons who may be proper defendants in this action. The parties subsequently conferred by phone and email several times and agreed that Plaintiff would wait to amend and add these parties until the City could provide additional information on the remaining defendants.

On or about April 21, 2023, Mr. Zippo passed away unexpectedly, and counsel began the process of setting up his estate. On April 24, the City requested and was granted an additional sixty (60) day extension of time to answer (Dkt. 8–9). The City filed a suggestion of death the same day (Dkt. 10). On May 24, 2023, the City made a third request to extend its time to answer, which was granted by the Court (Dkt. 12–13). Finally, on July 21, 2023, while the parties were awaiting confirmation from the surrogate's court concerning Mr. Zippo's estate, the City requested, and was granted, a stay of its time to answer or otherwise respond to the Complaint "until two weeks after the resolution of Plaintiff's anticipated motion to substitute." (Dkt. 17–18).

Plaintiff filed its Motion to Substitute on August 2, 2023 (Dkt. 19), and the Court ordered the substitution the Plaintiff on August 10 (Dkt.21). The City failed to answer within two weeks,

Rickner PLLC

and the Court entered a *sua sponte* order extending the time for the City to respond to the Complaint to September 5, 2023 (Dkt. 22). The City finally interposed an answer on September 5.

### III. The City Fails to Timely or Adequately Respond to Plaintiff's September 26, 2023 Discovery Demands, Despite Repeated Conferrals and Extensions of Time

On September 24, 2023, the City served Plaintiff with its initial disclosures, including just six (6) pages of documents. Amended disclosures were provided by the City on September 25, but no additional documents were produced at that time. Undersigned counsel reached out to ACC Lai, counsel for the City, on September 26 to inquire about the 6-page production and why more information was not available to Plaintiff months after the suit was filed and the City held its 50-h hearings. Mr. Lai represented that he was awaiting a response from the DOC, but agreed to produce any additional information on the individual defendants as it became available to him.

On September 26, Plaintiff served combined discovery demands on the City. After end of business on October 29, Mr. Lai requested a 30-day extension to respond to Plaintiff's demands. *See* Ex. C (Combined Email Communications) at 8. The parties agreed to a reciprocal extension to November 29, 2023. *Id*. Plaintiff also asked to confer by phone to discuss identifying the individual defendants in the interim. *Id*. at 6, 8. During this phone conferral, the City did not provide any additional information on potential defendants, and repeated that it would supplement this information as it became available from the DOC.

At end of business on November 29, 2023, Mr. Lai requested an additional extension of time, to December 15, to respond to the demands. *Id.* at 5. He further stated that the City would supplement its Initial Disclosures "early next week." *Id*. Plaintiff countered with a curtesy extension to December 8, 2023, reiterating that the City should make rolling productions of anything in their possession in the interim. Plaintiff also asked to confer over the phone, and parties spoke on or about November 30, 2023, and again on December 1, 2023. During these discussions, Mr. Lai again stated that he had no further information on the individual defendants.

By December 8, no responses or productions had been made by the City. When Mr. Lai requested another extension to December 15th, Plaintiff again inquired about the promised supplemental productions. *Id.* at 3. Mr. Lai did not respond to the substance of this email; rather, he repeatedly informed counsel he needed more time, and continued to delay without Plaintiff's consent. *Id*. at 1–3. The City finally produced responses on December 15, 2023. *Id*. at 1.

However, the City made *no* productions with these responses. *See* Ex. D (Interrogatory Responses); Ex. E (Document Responses). Thus, Plaintiff remained in possession of only 6 pages of discovery in a case where the City has been on notice of this litigation since 2022.

Moreover, the responses themselves do not comply with the 2015 amendments to the Federal Rules of Civil Procedure. *See* Ex. D–E. The vast majority of the responses parrot form objections and state that, "the City is continuing to investigate this matter"—the same excuse it has repeated since this litigation began. The responses do not make clear what documents are being produced or are being withheld, and they improperly use form objections, like burdensomeness, with no factual explanation. *See Fischer v. Forrest*, No. 14 cv 1304, 2017 WL 773694, at *1 (S.D.N.Y. Feb. 28, 2017) (explaining that, after the 2015 Amendments, responses must state the

grounds for any objections with specificity; state whether any responsive materials are being withheld, and on what basis; on the specify the time for production and, if a rolling production, state when the production will begin and when it will be concluded.). Similarly, the City gave only one substantive response to Plaintiff's 17 Interrogatory demands. *See* Ex. C. But this information was not new—it included only those four names produced to Plaintiff in March. So too did the City fail to provide even those limited records it identifies in its discovery responses, including incident and injury reports and surveillance footage.

Per this Court's individual rules, Plaintiff provided a copy of this letter to Defendant at the start of business on December 20, 2023. On December 22, Mr. Lai requested an extension of time to January 5, 2024 to provide the City's portion of this letter. On the evening of January 4, 2024, the City made a supplementary production of documents. *See* Ex. F (Cover Letter).

While we appreciate this last-minute production, prior to last night, Plaintiff was in possession of only 6 pages of documents from the City, and discovery remains woefully deficient even with these additional disclosures. Undersigned counsel immediately reviewed the production and discovered that the vast majority of it contains medical records that Plaintiff produced to the City last year; only a fraction of the records are City or DOC documents relating to the underlying incidents in this case. Moreover, of the four assaults Plaintiff endured on Rikers, the City has provided incident reports for only one of them; the responses have still not been reproduced to conform with the Federal Rules; the newly produced privilege log indicates that redactions have been made improperly on the basis of "relevance,"; and the City has not given a date certain by which it will complete the disclosures of items known to be in their possession.

In sum, the City's eleventh hour efforts are insufficient. Plaintiff cannot continue to delay approaching the Court when responses to his September demands remain outstanding. This Court should order the City to comply with its obligations by a date certain, and under threat of sanctions.

**REQUEST FOR RELIEF**

Given these significant and inexcusable delays, Plaintiff's repeated attempts to work in good faith with the City to allow it extra time to engage in this litigation in earnest, the City's untimely and woefully deficient responses, and its failure to produce complete discovery responses for several months, Plaintiff respectfully requests that the Court (1) order the City reproduce its discovery responses, within 30 days, in a manner that conforms to the 2015 Amendments to the Federal Rules of Civil Procedure; (2) order the City to produce all documents responsive to the September 26 demands, to the extent not properly objected to or logged in a privilege log, within 30 days; and (3) extend the time to complete discovery accordingly.

**DEFENDANT CITY'S RESPONSE**

In advance of submitting this motion to the Court, the undersigned met and conferred with plaintiff's counsel to attempt to resolve the outstanding issues. While plaintiff's letter reflects that defendants have only produced 6 pages of discovery with their initial disclosures, on January 4, 2024, defendants supplemented their discovery and produced the following additional documents, which, as noted below, includes 605 pages of documents:

Rickner PLLC

- Inmate File for Plaintiff John Zippo, bearing Bates Nos. DEF 000007 to DEF 000048;
- Grievances filed on behalf of Plaintiff, bearing Bates Nos. DEF 000049 to DEF 000085;
- Intake Logbook Entries for AMKC dated January 20, 2022, bearing Bates Nos. DEF 000086 to DEF 000093;
- Motor Vehicle Daily Log Record for Vehicle 400B, dated January 20, 2022, bearing Bates Nos. DEF 000094 to DEF 000095;
- Record of Prisoner Transfers, Receiving Room Log for AMKC dated January 20, 2022, bearing Bates Nos DEF 00096;
- Incident Reporting System: Incident Information for January 5, 2022 involving Plaintiff John Zippo, bearing Bates Nos. DEF 00097 to DEF 00098;
- New York City Department of Correction Incident Report for January 5, 2022, bearing Bates No. DEF 000099;
- Bon Secours Community Hospital Medical Records for John Zippo, bearing Bates Nos. DEF 000100 to DEF 000469;
- LVHN Head Trauma & Concussion Program Medical Records for John Zippo, bearing Bates Nos. DEF 000470 to DEF 000606; 10. Advance Orthopedics Medical Records for John Zippo, bearing Bates Nos. DEF 000597 to DEF 000611;
- December 17, 2022 Video of EMTC 6 Lower from approximately 8:18 a.m. to 8:45 p.m. bearing Bates No. DEF 000612.

In addition, while defendants' December 15, 2023 Discovery responses referenced that Plaintiff's inmate file was being produced therein and that an approximately 12 hour video of Plaintiff's housing area at EMTC on December 17, 2022 was being provided to Plaintiff under separate cover on that date, I recently became aware that I inadvertently did not produce those documents on December 15, 2023. Accordingly, when this came to my attention on January 2, 2024, those documents were immediately provided to plaintiff's counsel.

With respect to plaintiff's claim that defendants' discovery responses did not comply with the 2015 amendments to the Federal Rules of Civil Procedure, counsel met and conferred on January 4, 2024 and the undersigned agreed to review its responses and provide any revisions to those responses by February 5, 2024, and produce outstanding documentation as soon as it is received. On January 8, 2024, based on an additional meet and confer, the undersigned clarified that the additional documentation would include information, such as incident reports pertaining to the alleged January 2022 and December 2022 incidents, to the extent this information exists.

In regards to Plaintiff's purported issues with not having been provided a proposed confidentiality stipulation or a privilege log, defendants note that those documents were provided on December 21, 2023 and January 4, 2024, respectively. To date, plaintiff has not provided any response with respect to the proposed confidentiality stipulation, and on January 4, 2024, the undersigned reminded counsel again of that correspondence.

Moreover, in regards to the plaintiff's allegations that defendants have continuously delayed the litigation of this matter and production of documents, it should be noted that there has been some confusion regarding the timing of one of the incidents (the bus transport incident) alleged in the complaint, which has caused some delay in the production of documents. To that end, in

Rickner PLLC

Plaintiff's discovery demands, when referencing the bus transport incident, plaintiff identifies this incident as having occurred in two different years – 2022 and 2023. Accordingly, this led the undersigned to believe that there was no responsive information, such as documents or video, responsive to the request for information pertaining to a January 2023 bus incident because the alleged January bus incident, upon information and belief, occurred in 2022, and not 2023. As a result, the City is continuing to investigate to what extent documentation exists for the January 2022 bus transport incident.[1]

We thank the Court for its time and consideration of this request.

Sincerely,

Stephanie Panousieris
*Attorney for Plaintiff*

---

[1] Plaintiff notes that several of the issues put before the Court in the City's response are entirely new and have not been brought to Plaintiffs's attention in any of the numerous meet and confers between the parties. Plaintiff respectfully requests that any and all discovery issues be addressed in a conference with the Court.