

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**ALEXANDRA CORSI**
*Senior Counsel*
Tel.: (212) 356-3545
acorsi@law.nyc.gov

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/25/2024

October 24, 2024

**BY ECF**
Honorable Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

The Court will schedule a settlement conference as requested. The City's request to stay is denied.

SO ORDERED:

10/25/2024

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Re: *DeNike v. City of New York, et al.*,
23 CV 865 (VSB) (RWL)

Your Honor:

    I am a Senior Counsel in the Office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, and the attorney handling the defense of the above-referenced matter. The parties write jointly to respectfully request that the Court schedule a date and time for a settlement conference in this matter at the Court's earliest convenience. Additionally, Defendants write to respectfully request that the Court issue an order holding discovery in abeyance until such time that a settlement conference takes place. Plaintiff's counsel, Stephanie Panousieris, does not consent to the request for discovery to be held in abeyance, but as noted above, joins the request for a settlement conference.

    As an initial matter, while the parties have had initial settlement discussions, we believe that Your Honor's assistance would be extremely beneficial in attempting to resolve this matter. Counsel for the parties are prepared to make themselves available as soon as the week of November 11, 2024. Additionally, to assist the Court with scheduling, it should be noted that counsel have coordinated and are currently available on the following dates: November 13, November 25, November 26, December 2, and December 5.

    With respect to Defendants' request that discovery be held in abeyance pending a settlement conference, there are several reasons for this request. By way of background, this case involves Plaintiff's claims that, in 2022, New York City Department of Correction officers failed

to protect Mr. Zippo[1] on multiple occasions from assaults by fellow inmates. Plaintiff alleges that Mr. Zippo suffered multiple injuries as a result of the incidents, including a fractured mandible and a traumatic brain injury. Recently, the complaint was amended to add 15 individual Defendants.

This case was filed in 2023, however, the undersigned was not assigned to this case until January 2024 after the attorney who previously handled it went out on unexpected leave. Upon assignment, and over the last ten months, the undersigned has diligently worked on this matter, including investigating the underlying allegations for the purpose of identifying numerous John Doe defendants, conducting several meet and confers with opposing counsel on discovery and other issues, producing a significant amount of discovery, and engaging in settlement negotiations. With respect to settlement, on January 22, 2024, and immediately after assignment to the matter, the undersigned requested a settlement demand from Plaintiff, however, it was not until March 12, 2024 when Plaintiff provided same. Thereafter, the undersigned investigated Plaintiff's allegations, evaluated the case for settlement authority and, on or around May 28, 2024, Defendants provided a settlement offer. Plaintiff provided a counterdemand on July 1, 2024. The parties subsequently exchanged several emails regarding settlement and, ultimately, Defendants suggested that a settlement conference with Your Honor would be useful. Plaintiff, however, would not consent to attending a settlement conference at that time. In any event, thereafter, Defendants provided yet another settlement offer to Plaintiff. To date, Plaintiff has not responded to that offer.

On October 10, 2024, during a telephonic meet and confer, Plaintiff finally indicated that they were amenable to jointly requesting a settlement conference with Your Honor. In response, the undersigned proposed that the parties also request that deposition discovery be held in abeyance until after the requested settlement conference. Plaintiff, however, refused, and indicated that they wanted to commence depositions this month. Notably, at that juncture, Plaintiff still had not provided Defendants with notice of who they intended to depose, and did not do so until October 17, 2024.[2] As Your Honor is aware, also on October 10, 2024, Plaintiff moved to compel

---

[1] Plaintiff in this case is Lauren Denike, John Zippo's wife. Mr. Zippo passed away during the course of this litigation.

[2] As noted above, there are 15 individual defendants named in this case. As such, during the October 10, 2024 meet and confer, the undersigned requested that counsel provide a list of who she intended to depose, as the Federal Rules of Civil Procedure limit the parties to 10 depositions without leave of court. To that end, I informed counsel that I would not be able to confirm dates and availability for depositions without knowing who Plaintiff intended to depose. Notwithstanding, the undersigned still provided Plaintiff's counsel several dates beginning in mid-November when the undersigned was available for potential depositions.

significant *Monell* discovery relating to three class action litigations and requested a date certain for the Court to order Defendants to produce certain discovery.[3]

The time and monetary resources to be expended on the depositions alone is significant. Defendants submit that such discovery should be stayed pending the settlement conference in order to conserve resources. Indeed, in the event that the parties are able to reach a resolution at the conference, the sought-after depositions would be a waste of the parties' resources.[4]

For the reasons set forth herein, the parties respectfully request that the Court schedule a settlement conference for a date and time convenient for the Court at its earliest convenience, and Defendants additionally respectfully request that the Court hold discovery in abeyance until after the settlement conference concludes.

The parties thank the Court for its consideration herein.

Respectfully submitted,

/s/ *Alexandra Corsi*

Alexandra Corsi
*Senior Counsel*
Special Federal Litigation Division
New York City Law Department

cc: **By ECF**
Stephanie Panousieris
Attorney for Plaintiff

---

[3] As noted in Defendants' letter dated October 16, 2024, Plaintiff failed to meet and confer with the undersigned regarding her motion to compel Defendants to produce certain discovery by a date certain.

[4] To the extent the Court grants this request, and depending on the timing of when the settlement conference is scheduled, it is likely that the parties may need to request an extension of discovery, should the case not resolve.